**Jamon R. Hicks, Esq. (SBN: 232747)**
*Jamon@douglashickslaw.com*
**Noel A. Arreola, Esq. (SBN: 346843)**
*Noel@douglashickslaw.com*
**Jeremy Galloway, Esq. (SBN: 359357)**
*Jeremy@douglashickslaw.com*
***DOUGLAS / HICKS LAW, APC***
5120 W. Goldleaf Circle, Suite 425
Los Angeles, California 90056
Telephone: (323) 655-6505
Facsimile: (323) 927-1941

Attorneys for Plaintiff,
RYAN LEWIS

**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

RYAN LEWIS, an individual,

Plaintiff,

vs.

COUNTY OF SAN BERNARDINO, a public entity; DEPUTY ELIAS MENDOZA (# J1905); DEPUTY BRANDON VENTRE (# I7917); DEPUTY CHESTER ARIZALA (# J2153); and DOES 1-10 inclusive,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)
2. Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)
3. Municipal Liability – Failure to Properly Train (42 U.S.C. § 1983)

**JURY TRIAL DEMAND**

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

# COMPLAINT FOR DAMAGES

1. Plaintiff, RYAN LEWIS, an individual (hereinafter as "MR. LEWIS") complains of Defendants COUNTY OF SAN BERNARDINO ("COUNTY"), a public entity, DEPUTY ELIAS MENDOZA ("MENDOZA"), DEPUTY BRANDON VENTRE ("VENTRE"), DEPUTY CHESTER ARIZALA ("ARIZALA") and DOES 1-10 (collectively hereinafter as "DEFENDANTS"), inclusive, for damages and Demand for Jury Trial, and alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory damages against DEFENDANTS and punitive damages from, MENDOZA, VENTRE, ARIZALA and DOES 1-10 (of these 10 DOES, certain officers were sheriff deputies that were present at the November 19, 2023 unlawful arrest and participated in causing PLAINTIFFS' injuries; those deputies will be hereinafter as "DOE DEPUTIES") for violating various rights under the United States Constitution in connection with the Deputies' unjustified assault and use of excessive force of MR. LEWIS.

3. In fact, the violence that erupted that day was instigated and brought on by the San Bernardino County Sheriff's Department (hereinafter as "SBSD") deputies who violently struck and tased MR. LEWIS multiple times. During this time PLAINTIFF was not any threat of harm to anyone – not to sheriff deputies, bystanders, or anyone else.

4. At all times relevant MENDOZA, VENTRE, ARIZALA, and DOES 1-10 were members of the SBSD or other law enforcement agencies who were responding to COUNTY's request for mutual aid, and were duly authorized employees of COUNTY, acting under color of law, within the course and scope of their respective duties as SBSD officers, and with the complete authority and ratification of COUNTY.

/ / /

5. MENDOZA, VENTRE, ARIZALA, and DOES 1-5 are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983.

6. COUNTY and DOES 6-10 also proximately caused PLAINTIFFS' injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

7. The policies and customs behind the use of excessive force and assaulting black men, such as MR. LEWIS, are fundamentally unconstitutional and constitute a menace of major proportions to the public.

8. Accordingly, MR. LEWIS seeks, by way of this action, to hold those responsible for the unjustified assault and use of force, accountable.

## PARTIES

9. At all relevant times, PLAINTIFF MR. LEWIS, is a Black man over the age of eighteen, and a resident of the County of Los Angeles, California. MR. LEWIS was assaulted and attacked causing him physical injuries, including, but not limited to, swelling, bruising, bleeding, and pain.

10. At all relevant times Defendant MENDOZA was a Sheriff Deputy with the San Bernardino Sheriff's Department and a resident of the County of San Bernardino.

11. At all relevant times Defendant VENTRE was a Sheriff Deputy with the San Bernardino Sheriff's Department and a resident of the County of San Bernardino.

12. At all relevant times Defendant ARIZALA was a Sheriff Deputy with the San Bernardino Sheriff's Department and a resident of the County of San Bernardino.

13. At all relevant times, Defendant, COUNTY OF SAN BERNARDINO, is and was a duly organized public entity, form unknown, existing under the laws of the State of California. SBSD is a local government entity and an agent of the

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

COUNTY, and all actions of the SBSD are the legal responsibility of the COUNTY.

14. Furthermore, at all relevant times, COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SBSD and its tactics, methods, practices, customs, and usages. At all relevant times, COUNTY was the employer of MENDOZA, VENTRE, ARIZALA, and DOES 1-10 who were COUNTY sheriff deputies, sheriff deputies' supervisorial officers, and who were managerial supervisorial and policymaking employees of COUNTY SBSD. On information and belief, at all relevant times, DOES 1-10 were residents of the County of San Bernardino, California.

15. At all times relevant, COUNTY was responsible for assuring that the actions, omissions, policies, practices, and customs of the SBSD and its employees and agents complied with the laws of the United Sates and the State of California.

16. COUNTY is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims.

17. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff deputies and with the complete authority and ratification of their principal, COUNTY.

18. At all relevant times, DOE DEPUTIES were duly appointed deputies and/or employees of agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

19. In doing the acts and failing and omitting to act as hereinafter described, MENDOZA, VENTRE, ARIZALA, and DOES 1-10 were acting on the implied and actual permission of COUNTY.

20. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

COUNTY defendant.

21. PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10 (hereinafter as “DOES”), inclusive, and each of them, are not now known to PLAINTIFF who, therefore, sues Defendants by such fictitious names. PLAINTIFF will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

22. All DEFENDANTS who are natural persons, including MENDOZA, VENTRE, ARIZALA, and DOES 1-10 are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for COUNTY.

## JURISDICTION AND VENUE

23. Jurisdiction is conferred upon this Court by 28 U.S.C §§1331and 1334 1367 and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United State Constitution.

24. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because the events and conduct giving rise to PLAINTIFF’s claims all occurred in San Bernardino County, in City of Victorville.

## FACTS COMMON TO ALL COUNTS

25. PLAINTIFF realleges each and every allegation above with the same force and effect as if fully set forth herein.

26. On or about November 19, 2022, MR. LEWIS was having an argument with his girlfriend. Although MR. LEWIS was doing nothing violent in the presence of the Deputies, DEFENDANTS began to harass and threaten MR.

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

LEWIS.

27. The incident occurred around midnight at or near 12544 Aspen View Street, Victorville, California.

28. DEFENDANTS responded to a domestic disturbance call and not a domestic violence call. Dispatch never indicated that any violence occurred, or that any weapons were involved. In fact, when the DEFENDANTS initially arrived, Mr. LEWIS was calmly sitting alone in his car. The argument between him and his girlfriend had subsided.

29. Despite the fact that Mr. LEWIS was not being violent and that there was no concern that he was armed with a weapon, the DEFENDANTS unlawfully requested a “pat down” of his person. This “pat down” was done even though the DEFENDANTS could not point to specific, objective, and articulable facts that made their suspicion reasonable.

30. DEFENDANTS forced Mr. LEWIS to walk into his house to get identification. Once they entered the home, Mr. LEWIS objected since the DEFENDANTS did not have a warrant. At this moment no one was injured, thus no exigency circumstances existed for a welfare check.

31. DEFENDANT DEPUTIES continued to harass Mr. LEWIS. Despite not having a reasonable suspicion that Mr. LEWIS had committed a crime, would commit a crime or that he was armed with a weapon, the DEFENDANTS still decided to unlawfully handcuff him.

32. When Mr. LEWIS objected to being handcuffed, DEFENDANTS MENDOZA, VENTRE, and ARIZALA continued to place his hands behind his back and performed an aggressive and violent team take down forcibly slamming his head into the ground. While on the ground, DEFENDANT MENDOZA used his left hand to push Mr. LEWIS’ head against the hard cement. DEFENDANT MENDOZA also used his right knee to strike Mr. LEWIS’s head at least two (2) times on the right side of his head. Additionally, DEFENDANT MENDOZA used

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

his right hand to punch the right side of Mr. LEWIS' head multiple times. The Deputies are trained that striking an individual in the head is the use of deadly force. They are further trained that deadly force should only be used if the Deputy is faced with threat of serious bodily injury or death. The use of head strikes (deadly force) in this context was unnecessary, unreasonable and unlawful.

33. While Mr. LEWIS lay helpless and in pain, DEFENDANT VENTRE tased Mr. LEWIS on his lower back. Deputies are trained to only use the taser on an actively resistant subject. At no time did Mr. LEWIS ever actively resist the DEFENDANTS. The use of the taser in this context was unnecessary, unreasonable and unlawful.

34. While Mr. LEWIS lay helpless and in pain, DEFENDANT ARIZALA used his knee to strike Mr. LEWIS in the lower back. He was also holding Mr. LEWIS' legs while the other DEFENDANTS were using force against him. The use of knee strikes in this context was unnecessary, unreasonable and unlawful.

35. Deputies are trained that they must report if they witness or observe another Deputy using excessive force. At no time did any DEFENDANT report their fellow Deputies' use of unreasonable force. In fact, the DEFENDANTS created a narrative to justify their use of unreasonable force and arrested Mr. LEWIS for felony resisting arrest by use of force.

36. As of today's date, MR. LEWIS' criminal case is still pending in criminal court.

37. As a direct and proximate result of Defendants' actions and omissions as set forth above, MR. LEWIS sustained the following injuries and damages, past and future, among others:

a. MR. LEWIS suffered physical injuries requiring medical treatment, including, but not limited to, traumatic brain injury, bruising hematomas, contusions, numbness, stiffness, swelling, skin discoloration, disorientation, headaches, and pain and discomfort.

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

b. PLAINTIFF suffered from the violation of his constitutional rights;

c. Emotional trauma from the use of excessive force;

d. Medical expenses;

e. Pain and suffering and emotional distress, including, but not limited to, trauma, grief, fright, anger, fear, nervousness around law enforcement officers, trepidation, shame and humiliation, difficulty sleeping, headaches, anxiety, nightmares and are unable to engage in typical day-to day activities as a result of fear of leaving his home;

f. All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, and as otherwise allowed under California and United States statues, codes, and common law; and

g. In any amounts according to proof and in excess of the minimum jurisdictional amount of this Court as well as for the use of money, pre and post judgment interest, and such other damages as deemed just and proper.

38. This incident was particularly traumatic for PLAINTIFF, PLAINTIFF still suffers from extreme emotional distress, anxiety, and feelings of helplessness.

***MONELL VIOLATIONS***

39. PLAINTIFF realleges each and every allegation above with the same force and effect as if fully set forth herein.

40. Based upon the principals set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COUNTY is liable for all injuries sustained by PLAINTIFF as set forth herein. COUNTY bears liability because its policies, practices and/or customs were a cause of PLAINTIFF'S injuries, and/or because COUNTY ratified the unlawful actions of its employees that caused PLAINTIFF'S injuries. COUNTY and its supervisory officials, maintained or permitted one or more of the following official policies, customs or

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

practices which displayed reckless and deliberate indifference to the constitutional rights of persons such as PLAINTIFF, and were a direct cause of PLAINTIFF'S damages:

a. By employing and retaining as sheriff deputies and other personnel, including DEFENDANTS MENDOZA, VENTRE, ARIZALA, and DOES 1-5, who Defendants COUNTY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written Sheriff Department's policies of COUNTY, including the use of excessive force and reckless disregard for human life and safety;

b. By inadequately disciplining COUNTY sheriff deputies, and other personnel, including Defendants MENDOZA, VENTRE, ARIZALA, and DOES 1-5, who DEFENDANTS COUNTY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force.

c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by MENDOZA, VENTRE, ARIZALA, and DOES 1-5, who are COUNTY's employees and sheriff deputies;

d. The use of force during the November 19, 2023 arrest was ratified by COUNTY and SBSD when it failed to discipline or retrain COUNTY sheriff deputies including MENDOZA, VENTRE, ARIZALA, and DOES 1-5, for their conduct; and

e. The above-mentioned ratification promoted the belief that they can violate the rights of persons, such as PLAINTIFF, with impunity, and

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment Unreasonable Search and Seizure – Excessive Force and Wrongful Arrest**

**(42U.S.C. § 1983)**

**(By PLAINTIFF against COUNTY OF SAN BERNARDINO, MENDOZA, VENTRE, ARIZALA and DOES 1-5)**

41. PLAINTIFF realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

42. Defendants' conduct, described above, violated MR. LEWIS' rights to be free from unreasonable and excessive or arbitrary force without reasonable or probable cause under the Fourth Amendment to the United States Constitution.

43. Defendants unlawfully assaulted and attacked MR. LEWIS while investigating a domestic dispute.

44. Defendants' conduct was excessive and unreasonable as MR. LEWIS posed no immediate threat of death or serious bodily injury to any deputy or anyone at the time of the assault.

45. Further, MENDOZA, VENTRE, ARIZALA and DOES 1-5, conduct of attacking MR. LEWIS and other excessive use of force violated their training, and sheriff deputies standard training, as they acted indiscriminately and inconsistent with policies and procedures striking those who presented no imminent threat of harm to a deputy or others, or who was not violently resisting arrest.

46. In violation of the Fourth Amendment, defendants used unreasonable and excessive force based on the potentially unlawful acts of others, not based on a determination of individual conduct justifying such force.

47. DOES 6-10, who are supervisors, are liable for their direct actions as

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

supervisors which caused the deprivation of MR. LEWIS' constitutional rights.

48. On information and belief, MENDOZA, VENTRE, ARIZALA, and DOES 1-5 involved were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MR. LEWIS' injuries.

49. On information and belief, COUNTY failed to properly and adequately train MENDOZA, VENTRE, ARIZALA, and DOES 1-5, including but not limited to, with regard to the use of physical force, and less than lethal force on individuals peacefully protesting and/or members of the press documenting the protests.

50. Defendants COUNTY and DOES DEFENDANTS are liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of MR. LEWIS' rights and/or because it ratified the unconstitutional conduct of its employees.

51. Defendants COUNTY and DOES DEFENDANTS were deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

52. The failure of COUNTY to provide adequate training caused the deprivation of PLAINTIFF'S rights by Defendants DOES 1-5; that is Defendants' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

53. As a direct and proximate cause of Defendants' actions and omissions, as set forth above, Defendants are liable for PLAINTIFF'S injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations despite having the opportunity to intervene. As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, and those set forth in the paragraphs above, and other pecuniary

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

losses not yet ascertained.

54. The aforementioned customs and practices of COUNTY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

55. Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situation.

56. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOES 6-10 acted with an intentional, reckless, and callous disregard toward PLAINTIFF, and of the constitutional as well as human rights of PLAINTIFF. Defendants and each of them, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

57. PLAINTIFF is informed and believes and thereon alleges that the acts of the MENDOZA, VENTRE, ARIZALA, and DOES 1-5; were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of PLAINTIFF'S rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

58. Accordingly, DEFENDANTS are each liable to PLAINTIFF for compensatory damages and individual Defendants are liable for punitive damages, under 42 U.S.C. § 1983. MR. LEWIS seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

**SECOND CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom, Practice or Policy**

**(42 U.S.C. § 1983)**

**(By PLAINTIFF against COUNTY OF SAN BERNADINO and Does 6-10)**

59. PLAINTIFF re-alleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

60. On and for some time prior to November 19, 2023 (and continuing to present date) Defendants deprived PLAINTIFF of rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy and practice of those set forth in the paragraphs above, and:

a. Employing and retaining as sheriff deputies and other personnel who, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriff Department policies;

b. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY police officers, and other personnel, who COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c. By failing to adequately train officers, including DOES 1-5, and failing to institute appropriate policies, regarding the use of excessive force;

d. By having and maintaining an unconstitutional policy, custom, and

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

practice of using excessive force, deployment of a weapon, which also is demonstrated by inadequate training regarding these subjects. These policies, customs, and practices were done with a deliberate indifference to individuals' safety and rights; and

e. Of completely inadequately training COUNTY sheriff deputies and DOES 6-10, with respect to maintain civilized order during street protests.

61. By reason of the aforementioned policies and practices of COUNTY and DOES 6-10, PLAINTIFF was severely injured and subjected to pain and suffering, and loss of enjoyment of life.

62. Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

63. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOES 6-10, acted with an intentional, reckless, and callous disregard for the constitutional rights of PLAINTIFF. Defendants COUNTY and DOES 6-10, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by COUNTY and DOES 6-10, were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

65. By reason of the acts and omissions of Defendants COUNTY and DOES 6-10, PLAINTIFF incurred damages, including but not limited to, medical expenses, loss of enjoyment of life and earning capacity.

66. Accordingly, Defendants COUNTY and DOES 6-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

67. PLAINTIFF also seeks attorney fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Municipal Liability – Failure to Properly Train**

**(42 U.S.C. § 1983)**

**(By PLAINTIFF against COUNTY OF SAN BERNADINO and Does 6-10)**

68. PLAINTIFF realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

69. While acting under the color of state law and within the course and scope of their employment as sheriff deputies for COUNTY sheriff department, MENDOZA, VENTRE, ARIZALA, and DOES 1-5 used fists as a weapon, depriving PLAINTIFF of his rights and liberties secured to him by the Fourth Amendment, including but not limited to freedom from excessive use of force.

70. The training policies of COUNTY sheriff department were not adequate to train its sheriff deputies, including but not limited to those set forth in the paragraphs above, and especially with regards to using physical force. As a result, COUNTY sheriff deputies, including MENDOZA, VENTRE, ARIZALA, and DOES 1-10, are not able to handle the usual and recurring situations with which they must deal, including contacting unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

71. COUNTY sheriff department was deliberately indifferent to the known or obvious consequences of its failure to train its deputies, including MENDOZA, VENTRE, ARIZALA and DOES 1-5, adequately with regards to using unnecessary, unreasonable and unlawful force. This inadequate training includes

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

failing to teach deputies to give a verbal warning when feasible prior to using physical force.

72. COUNTY and DOES 6-10 knew that failure to implement some sort of training with regard to their deputies' dealing with unarmed suspects would result in continuing to have numerous unreasonable deputies involved excessive force claims involving unarmed individuals annually.

73. The failure of COUNTY sheriff department to provide adequate training with regards using physical force, caused the deprivation of the PLAINTIFF'S rights by MENDOZA, VENTRE, ARIZALA and DOES 1-5. Defendants' failure to train is so closely related to the deprivation of the PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

74. By failing to provide adequate training to COUNTY's sheriff deputies, including MENDOZA, VENTRE, ARIZALA, and DOES 1-5, Defendants acted with an intentional, reckless, and callous disregard for PLAINTIFF'S constitutional rights. Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

75. By reason of the aforementioned acts and omissions of MENDOZA, VENTRE, ARIZALA, and DOES 1-5, PLAINTIFF LEWIS was caused to incur medical expenses, loss of enjoyment of life earning capacity and other damages as will be proven at trial.

76. Accordingly, Defendants COUNTY and DOES 6-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

77. PLAINTIFF seeks statutory attorney fees under this claim.

///

///

///

///

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against Defendants and each of them, as follows:

1. For compensatory (or general) and non-economic damages, in an amount to be proven at trial;
2. For special damages according to proof;
3. For punitive damages allowed by law against the individual, non-government entity, Defendants in an amount to be proven at trial;
4. For equitable relief;
5. For prejudgment and post judgement interest as permitted by law;
6. For reasonable costs of this suit incurred herein;
7. For attorneys' fees as allowed by law;
8. For civil penalties as allowed by law;
9. Costs of suit; and
10. For such further other relief as the Court may deem just, proper and appropriate.

Dated: September 15, 2025

Respectfully submitted,

**DOUGLAS / HICKS LAW, APC**

By: ***/s/ Jamon R. Hicks***
JAMON R. HICKS, ESQ.
Attorneys for Plaintiff
RYAN LEWIS

**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Circle., Suite 425
Los Angeles, California 90056

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury in this action.

Dated: September 15, 2025

Respectfully submitted,

***DOUGLAS / HICKS LAW, APC***

By: ***/s/ Jamon R. Hicks***
JAMON R. HICKS, ESQ.
Attorneys for Plaintiff,
RYAN LEWIS